IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MAURICE CORTEZ PROCTOR<br>Petitioner | * | |
| v. | * | Civil Action No. DKC-13-2728<br>Criminal Action No. DKC-85-547 |
| UNITED STATES OF AMERICA<br>Respondent | * | |
| | *** | |

## **MEMORANDUM OPINION**

After a nine-day jury retrial, on September 26, 1986, Maurice Cortez Proctor ("Proctor") was convicted of conspiracy to violate civil rights, witness tampering, retaliating against a witness, and use or carrying a firearm during a crime of violence, in violation of 18 U.S.C. §§ 241, 1512(a)(3), 1513, & 924(c). On November 17, 1986, Proctor was sentenced to life plus twenty-five years.

The United States Court of Appeals for the Fourth Court affirmed Proctor's conviction and denied his motion for a new trial on February 3, 1988. *See United States v. Proctor*, 838 F.2d 1210 (4th Cir. 1988). In 1989, Proctor filed his first Motion to Vacate under 28 U.S.C. § 2255. *See Proctor v. United States*, Civil Action No. Y-89-1600 (D. Md). The Motion was denied on January 22, 1990. The Fourth Circuit affirmed that decision on July 23, 1990. *See United States v. Proctor*, 911 F.2d 721 (4th Cir. 1990). On October 11, 1994, Proctor filed his second Motion to Vacate. *See Proctor v. United States*, Civil Action No. Y-94-2828 (D. Md). The Motion was denied on September 12, 1995. The Fourth Circuit affirmed that decision on April 10, 1996. *See United States v. Proctor*, 82 F.3d 411 (4th Cir. 1996). In 1997, 2000, & 2001, Proctor was denied authorization to file a successive application for relief under 28 U.S.C. § 2244. (ECF Nos. 216, 228 & 229). On April 26, 1999, Proctor filed his third § 2255 Motion. *See Proctor v. United States*, Civil Action No. Y-99-1191 (D. Md). It was dismissed without prejudice on May 20, 1999.

On September 13, 2013, Proctor filed a Motion to Correct Sentence Under Former Rule 35(a), alleging that his life sentence is illegal because the death of the victim was not included in the indictment and found by a jury but was instead found by the sentencing court and "was used to increase his sentence from ten years to life." He claims that this constitutes a violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Alleyne v. United States*, __ U.S. __, 133 S.Ct. 2151 (2013). [1] Proctor's filing was docketed as a direct attack on his sentence and thus instituted as an unauthorized and successive § 2255 motion attacking his conviction.

Former Federal Rule of Criminal Procedure 35(a), which was applicable to offenses that occurred before November 1987, provided that "[t]he court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence." Fed. R. Crim. P. 35(a). Rule 35(a) motions are neither civil motions nor civil collateral attacks on a conviction and sentence; instead, Rule 35(a) motions are part of the direct appeal of the criminal conviction. *United States v. Landrum,* 93 F.3d 122, 125 (4th Cir. 1996). Because former Rule 35(a) has no time limitations, motions brought under that Rule are limited to those requesting the correction of illegal sentences. See *Hill v. United States,* 368 U.S. 424, 430 (1962). A sentence is not illegal within the meaning of Rule 35(a) if "[t]he punishment meted out was not in excess of that prescribed by the relevant statute, multiple terms were not imposed for the same offense, nor were the terms of the sentence itself legally or constitutionally invalid in any other respect." *Id.* When a federal prisoner files a Rule 35(a) motion raising claims that do not fit within its limited scope, a court may construe the

---

[1] In *Alleyne*, the Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." 133 S.Ct. at 2155. Because the case was decided on direct appeal, there is no indication in *Alleyne* that the Supreme Court intended its holding to apply retroactively to cases on collateral review, and the Fourth Circuit has not yet spoken on the issue.

2

claims under the appropriate motion or petition heading. *See United States v. Pavlico,* 961 F.2d 440, 443 (4th Cir. 1992) (noting that a Rule 35(a) motion can be construed as a § 2255 motion when the relief requested was available only under § 2255); *see also United States v. Winestock,* 340 F.3d 200, 203 (4th Cir. 2003) (noting "longstanding practice of courts to classify self-represented pleadings from prisoners according to their contents, without regard to their captions.").

Petitioner's attempt to characterize this petition as a part of his direct appeal fails. As in *United States v. Perez*, 2010 WL 2766860, 3 (E.D.Pa. 2010):

> Given this long procedural history, it would elevate form over substance if the Court construed Mr. Perez's present motion, filed more than twenty-three-years after his conviction, as a direct appeal of his sentence under Rule 35(a). In reality, Mr. Perez's current challenge to his conviction is an attempt to file a second § 2255 motion. *See United States v. Kostrick*, 49 Fed. Appx. 377, 379 (3d Cir.2002) ("A motion made pursuant to old Rule 35, however, is not the appropriate vehicle for [an *Apprendi*] challenge" because "[a] challenge to the constitutionality of a sentence is more properly asserted in a petition for habeas corpus relief."); *United States v. Boyd*, 591 F.3d 953, 956 (7th Cir. 2010) ("[T]he second motion in this case was not really a Rule 35(a) motion; it was a section 2255 motion—a wolf in sheep's clothing."); *United States v. Grandison*, 85 Fed. Appx. 320, 321 (4th Cir.2003) (construing petitioner's Rule 35(a) motion as a successive § 2255 motion and rejecting petitioner's contention that a Rule 35(a) motion is not a collateral attack, as petitioner's direct appeal already concluded and petitioner's previous § 2255 motions were denied); *United States v. Becerra*, 84 Fed. Appx. 902, 902 (9th Cir.2003) ("Becerra contends that a Rule 35(a) motion does not seek collateral review, but rather should be considered a part of the direct appeal process. This contention lacks merit because Becerra's direct appeal is long past, and his sentence had long been final.").

Like Mr. Proctor, Grandison raised the identical issue:

> In his Rule 35(a) motion, Grandison claims that his life sentence violates the rule of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the indictment did

3

> not charge that the conspiracy resulted in death and the judge, rather than the jury, found the causal connection between the violation of civil rights and death that is required under § 241 to impose a life sentence. Grandison argues that this *Apprendi* violation requires resentencing and imposition of a sentence not to exceed ten years.

*United States v. Grandison*, 85 Fed.Appx. 320, 321 (4th Cir. 2003). The court in Grandison construed the motion as a successive § 2255 motion.

Accordingly, the Motion shall be construed as a motion to vacate filed pursuant to 28 U.S.C. § 2255. Successive § 2255 motions may not, however, be filed absent authorization to do so from the Fourth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A) & 2255(h); *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (en banc). Proctor has provided no evidence that he received authorization to file a successive Motion to Vacate by the Fourth Circuit as required pursuant to 28 U.S.C. § 2244(b)(3)(A).[2] Indeed the record shows that the Fourth Circuit has thrice denied him authorization to file a successive motion.[3]

An inmate who filed a Motion to Vacate has no absolute entitlement to appeal a district court's denial of his Motion. *See* 28 U.S.C. § 2253(c) (1). "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at §2253(c) (2). The Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282, (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, (2000)), or

---

[2] The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a "motion" to obtain the aforementioned authorization Order. The procedural requirements and deadlines for filing the "motion" are extensive. Consequently, this Court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Proctor wish to seek authorization to file a successive petition. It is to be emphasized that Proctor must file the "motion" with the Fourth Circuit and obtain authorization to file his successive petition before this Court may examine his claims.

[3] *See In re Proctor*, CA-97-608, *In re Proctor*, CA-00-695, and *In re Proctor*, CA-01-109.

that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36, (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983).

When a district court dismisses a motion to vacate solely on procedural grounds, a Certificate of Appealability will not issue unless the Petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484 (2000)). Proctor has not made the required showing and the Court declines to issue a Certificate of Appealability. His Motion to Vacate will be dismissed without prejudice for lack of jurisdiction. A separate Order shall be entered reflecting the opinion set out herein.

Date: January 9, 2014

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge